Beth E. Terrell, CSB #178181
Email:  bterrell@tmdwlaw.com
Mary B. Reiten, CSB #203412
Email:  mreiten@tmdwlaw.com
TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
Telephone:  (206) 816-6603
Facsimile:  (206) 350-3528

Michael F. Ram, CSB #104805
Email:  mram@rocklawcal.com
RAM, OLSON, CEREGHINO & KOPCZYNSKI LLP
555 Montgomery Street, Suite 820
San Francisco, California  94111
Telephone:  (415) 433-4949
Facsimile:  (415) 433-7311

*Attorneys for Plaintiffs and the Proposed Classes*

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

| | |
|---|---|
| SHASTA MARLOWE and GREGORY CHICK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>29 PRIME, INC., a Nevada corporation,<br><br>Defendant. | NO.<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY** |

Plaintiffs Shasta Marlowe and Gregory Chick (hereinafter referred to as "Plaintiffs"), by

its undersigned counsel, for this class action complaint against Defendant 29 Prime, Inc. and its

present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents,

and/or other related entities (hereinafter referred to as "Defendant") alleges as follows:

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 1
401604.docx

1. <u>Nature of Action</u>. Plaintiffs Shasta Marlowe and Gregory Chick, individually and as class representatives for all others similarly situated, bring this action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## II. PARTIES

2. <u>Plaintiff Shasta Marlowe</u>. Plaintiff Shasta Marlowe ("Plaintiff Marlowe") is a citizen of California, residing in Alameda County, California.

3. <u>Plaintiff Gregory Chick</u>. Plaintiff Gregory Chick ("Plaintiff Chick") is a citizen of California, residing in San Diego County, California.

4. <u>Defendant 29 Prime, Inc.</u> 29 Prime, Inc. is a Nevada corporation with its principal place of business in Irvine, California. 29 Prime, Inc. is registered to do and is doing business in California and throughout the United States.

## III. JURISDICTION AND VENUE

5. <u>Subject Matter Jurisdiction</u>. This Court has subject matter jurisdiction over Plaintiffs' TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiffs' TCPA claims arise under the laws of the United States, specifically 47 U.S.C. § 227.

6. <u>Personal Jurisdiction</u>. This Court has personal jurisdiction over Defendant because it has submitted to California jurisdiction by registering with the Secretary of State to do business in the state of California, and the wrongful acts alleged in this Complaint were committed in California.

7. <u>Venue</u>. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions given rise to Plaintiffs' claims occurred in this District.

## IV. THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

8. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

9. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 2
401604.docx

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A).  The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A).  *See* 47 U.S.C. § 227(b)(3).

10.    The TCPA also makes it unlawful for any entity to make more than one call in a 12-month period to any number that is registered with the National Do-Not-Call Registry or that entity's company specific do-not-call list.  *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2) & (d).  The TCPA provides a private cause of action to persons receiving calls in violation of 47 U.S.C. § 227(c)(5).

11.    Federal Communication Commission ("FCC") promulgated regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Memorandum and Order, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

12.    The FCC confirmed this principle in 2013, when it explained that "a seller …. may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *See* FCC Declaratory Ruling in re Petition filed by DISH Network, LLC for Declaratory Ruling Concerning TCPA Rules, CG Docket No., 11-50 (May 9, 2013) (available at http://www.huntonprivacyblog.com/wp-content/uploads/2013/05/FCC-13-54A1.pdf) (last visited January 21, 2014).

## V.  FACTUAL ALLEGATIONS

13.    Defendant 29 Prime, Inc. touts itself as "the nation's leading company dedicated to providing online marketing services and search engine optimization (SEO) to small and midsize businesses through the United States and Canada." *See* http://www.linkedin.com/company/29-prime (last visited January 21, 2014).

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 3
401604.docx

14.     On information and belief, Defendant has in the past and continues to operate under unincorporated alter egos with similar websites, such as "29 Local Listing," "29 Services," "Big Fist SEM," "Billboard Local," "Collaborative Fusion SEO," "Eye 2 Eye SEO," "Giant SEM," "Green Thumb," "Green Thumb SEO," "Local Choice SEO," "Marquee Listing," "Neon Nexus," "Paramount SEO," "Place Fuel," "Placement Key," "Rankings Readless," "Reliable Places," "Summit SEM," "Victory SEM," "YMS Local," and "Your Local Merchant."

15.     Part of Defendant's strategy for increasing the volume of its customers involves the use of automatic dialing and pre-recorded messages to solicit business.

16.     Defendant uses equipment and software that has the capacity to store or produce telephone numbers to be called and which includes auto-dialers and predictive dialers.

17.     Many of the recipients of these calls did not consent to receive such telephone calls.

18.     Defendant also makes calls using an artificial or pre-recorded voice to cellular telephones whose owners have not provided express prior consent to receive such calls, including Plaintiffs.

**B.     Factual Allegations Regarding Plaintiff Marlowe**

19.     Beginning on or around June 2011, Plaintiff Marlowe began receiving telephone calls from or on behalf of Defendant on her cellular telephone.

20.     The calls consisted of a pre-recorded message which stated words to the effect that the call was an important message on how to improve the called party's Google listing.  The called party was instructed to press "1" for further information.

21.     On at least one occasion, Plaintiff Marlowe pressed "1" to speak with a live operator.  Plaintiff Marlowe asked the operator to identify the company on behalf of which it was calling, and the operator identified 29 Prime.

22.     On at least one other occasion Plaintiff Marlowe spoke with a live operator and requested to be removed from Defendant's call list.

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

23.     Plaintiff Marlowe continued to receive numerous telephone calls from or on behalf of Defendant on her cellular telephone.

24.     Defendant's repeated calls to Plaintiff Marlowe prompted Plaintiff Marlowe to request to speak with a manager.  At this request, the operator became irate and began yelling at Plaintiff Marlowe that "29 Prime was not the only company calling [her]" and terminated the telephone call.

25.     Plaintiff Marlowe did not provide prior express consent to receive pre-recorded telephone calls on her cellular phone from or on behalf of Defendant.

26.     Defendant is responsible for making the above-described automated calls.

27.     Defendant has placed a large number of automated and/or pre-recorded calls to persons in California and throughout the United States.

**C.      Factual Allegations Regarding Plaintiff Chick**

28.     Beginning in or around the autumn of 2012, Plaintiff Chick received telephone calls from or on behalf of Defendant on his cellular telephone.

29.     The calls consisted of a pre-recorded message which stated words to the effect that the call was an important message on how to improve the called party's Google listing.

30.     Plaintiff Chick received numerous telephone calls from or on behalf of Defendant on his cellular telephone.

31.     Plaintiff Chick's cellular telephone has been on the National Do-Not-Call Registry since March 17, 2012

32.     Plaintiff Chick did not provide prior express consent to receive pre-recorded telephone calls on his cellular telephone from or on behalf of Defendant.

33.     Defendant is responsible for making the above-described automated calls.

34.     Defendant has placed a large number of automated and/or pre-recorded calls to persons in California and throughout the United States.

**TERRELL MARSHALL DAUDT & WILLIE  PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

# VI. CLASS ACTION ALLEGATIONS

35.     <u>Class Definition</u>.  Pursuant to CR 23(b)(2) and (b)(3), Plaintiffs brings this case as a class action on behalf of National Classes as defined as follows:

> <u>Class I</u>:  All persons in the United States to whom:  (a) Defendant, and/or a third party acting on Defendant's behalf, made one or more non-emergency telephone calls; (b) to their cellular telephone number; (c) with a pre-recorded message; (d) without the recipient's prior express consent; and (e) at any time in the period that begins four years before the date of filing this Complaint to trial.

> <u>Class II</u>:  All persons in the United States who:  (a) received more than one telemarketing call, made by Defendant and/or on Defendant's behalf; (b) more than 30 days after requesting not to receive further telemarketing calls; (c) in a 12-month period; (d) on their cellular telephone line or residential telephone line; and (e) at any time in the period that begins four years before the date of filing this Complaint to trial.

> <u>Class III</u>:  All persons in the United States who:  (a) received more than one telemarketing call, made by Defendant and/or on Defendant's behalf; (b) in a 12-month period; (c) on their cellular telephone line or residential telephone line; (d) whose cellular or residential telephone line number(s) appear on the National Do-Not-Call registry; and (e) at any time in the period that begins four years before the date of filing this Complaint to trial.

Excluded from Classes are Defendant, any entity in which Defendant has a controlling interest or that has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors.  Also excluded are the judge to who this case is assigned and any member of the judge's immediate family.

36.     <u>Numerosity</u>.  The Classes are each so numerous that joinder of all members is impracticable.  On information and belief, the Classes each have more than 1,000 members. Moreover, the disposition of the claims of the Classes in a single action will provide substantial benefits to all parties and the Court.

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

37.    <u>Commonality</u>.  There are numerous questions of law and fact common to Plaintiffs and members of the Classes.  These common questions of law and fact include, but are not limited to, the following:

a.    As to Plaintiffs and Class I, whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf negligently violated 47 U.S.C. § 227(b)(1)(A);

b.    As to Plaintiffs and Class I, whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf knowingly and/or willfully violated 47 U.S.C. § 227(b)(1)(A), thus entitling Plaintiffs and Class I to treble damages;

c.    As to Plaintiff Marlowe and Class II, whether Defendant and/or its affiliates, agents, and/or other persons or entities acting  on Defendant's behalf negligently violated 47 C.F.R. § 64.1200(d);

d.    As to Plaintiff Marlowe and Class II, whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf knowingly and/or willfully violated 47 C.F.R. § 64.1200(d), thus entitling Plaintiff Marlowe and Class II to treble damages;

e.    As to Plaintiff Chick and Class III, whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf negligently violated 47 U.S.C. § 227(c)(5);

f.    As to Plaintiff Chick and Class III, whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf knowingly and/or willfully violated 47 U.S.C. § 227(c)(5), thus entitling Plaintiff Chick and Class III to treble damages;

g.    Whether Defendant is liable for pre-recorded calls made by Defendant's affiliates, agents, and/or other persons or entities acting on Defendant's behalf;

h.    Whether Defendant is liable for telephone calls to persons on Defendant's internal Do-Not-Call list made by Defendant's affiliates, agents, and/or other persons and entities acting of Defendant's behalf;

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 7
401604.docx

TERRELL MARSHALL DAUDT & WILLIE  PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

i. Whether Defendant is liable for telephone calls to persons on the National Do-Not-Call Registry made by Defendant's affiliates, agents, and/or other persons and entities acting on Defendant's behalf; and

j. Whether Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf should be enjoined from violating the TCPA in the future.

38. <u>Typicality</u>. Plaintiffs' claims are typical of the claims of the Classes. Plaintiffs' claims, like the claims of Classes arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

39. <u>Adequacy</u>. Plaintiffs will fairly and adequately protect the interests of the Classes. Plaintiffs have retained competent and capable attorneys with significant experience in complex and class action litigation, including consumer class actions and TCPA class actions. Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the Classes and have the financial resources to do so. Neither Plaintiffs nor their counsel have interests that are contrary to or that conflict with those of the proposed Classes.

40. <u>Predominance</u>. Defendant has engaged in a common course of conduct toward Plaintiffs and members of the Classes. The common issues arising from this conduct that affect Plaintiffs and members of the Classes predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

41. <u>Superiority</u>. A class action is the superior method for the fair and efficient adjudication of this controversy. Classwide relief is essential to compel Defendant to comply with the TCPA. The interest of individual members of the Classes in individually controlling the prosecution of separate claims against Defendant is small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication,

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 8
401604.docx

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1   provides a forum for small claimants, and deters illegal activities.  There will be no significant
2   difficulty in the management of this case as a class action.
3
4       42.     _Injunctive and Declaratory Relief Appropriate_.  Defendant has acted on grounds
    generally applicable to the Classes, thereby making final injunctive relief and corresponding
5   declaratory relief with respect to the Classes appropriate on a classwide basis.  Moreover, on
6   information and belief, Plaintiffs allege that the automated calls made by Defendant and/or its
7   affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are
8   complained of herein are substantially likely to continue in the future if an injunction is not
9   entered.
10
                        **VII.  FIRST CLAIM FOR RELIEF**
11  **(Negligent Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A) –**
                                    **Class I)**
12
13      43.     Plaintiffs reallege and incorporate by reference each and every allegation set forth
    in the preceding paragraphs.
14
15      44.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or
    other persons or entities acting on Defendant's behalf constitute numerous and multiple negligent
16  violations of the TCPA, 47 U.S.C. § 227(b)(1)(A).
17
18      45.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or
    entities acting on Defendant's behalf's negligent violations of the TCPA, 47 U.S.C.
19  § 227(b)(1)(A), Plaintiffs and members of Class I presumptively are entitled to an award of $500
20  in damages for each and every call in violation of the statute, pursuant to 47 U.S.C.
21  § 227(b)(3)(B).
22
23      46.     Plaintiffs and members of Class I are also entitled to and do seek injunctive relief
    prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on
24  Defendant's behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), in the future.
25
26
27

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 9
401604.docx

**TERRELL MARSHALL DAUDT & WILLIE PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.350.3528
www.tmdwlaw.com

## VIII.  SECOND CLAIM FOR RELIEF
### (Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A) – Class I)

47.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

48.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A).

49.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiffs and members of Class I are entitled to treble damages of up to $1,500 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

50.     Plaintiffs and members of the Class I are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), in the future.

## IX.  THIRD CLAIM FOR RELIEF
### (Negligent Violations of 47 C.F.R. § 64.1200(d) Do-Not-Call List – Class II)

51.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

52.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple negligent violations of 47 C.F.R. § 64.1200(d), including failure to properly record do-not-call requests, failure to maintain a record of do-not-call requests, and failure to honor do-not-call requests.

53.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's negligent violations of 47 C.F.R. § 64.1200(d), Plaintiff Marlowe and members of Class II are entitled to an award of $500 in statutory damages for each and every call in violation of the regulation, pursuant to 47 U.S.C. § 227(c)(5)(B).

TERRELL MARSHALL DAUDT & WILLIE  PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

54.     Plaintiff Marlowe and members of Class II are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating 47 C.F.R. § 64.1200(d) in the future, pursuant to 47 U.S.C. § 227(c)(5)(A).

## X.  FOURTH CLAIM FOR RELIEF
### (Knowing and/or Willful Violations of 47 C.F.R. § 64.1200(d) Do-Not-Call List – Class II)

55.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

56.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple knowing and/or willful violations of 47 C.F.R. § 64.1200(d), including failure to properly record do-not-call requests, failure to maintain a record of do-not-call requests, and failure to honor do-not-call requests.

57.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's knowing and/or willful violations of 47 C.F.R. § 64.1200(d), Plaintiff Marlowe and members of Class II are entitled to an award of treble damages of up to $1,500 for each and every call in violation of the regulation, pursuant to 47 U.S.C. § 227(c)(5)(B).

58.     Plaintiff Marlowe and members of Class II are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating 47 C.F.R. § 64.1200(d) in the future, pursuant to 47 U.S.C. § 227(c)(5)(A).

## XI.  FIFTH CLAIM FOR RELIEF
### (Negligent Violations of 47 C.F.R. § 64.1200(c) National Do-Not-Call Registry – Class III)

59.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

60.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple negligent violations of 47 C.F.R. § 64.1200(c).

61.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's negligent violations of 47 C.F.R. § 64.1200(c), Plaintiff Chick and members of Class III are entitled to an award of $500 in statutory damages for each and every call in violation of the regulation, pursuant to 47 U.S.C. § 227(c)(5)(B).

62.     Plaintiff Chick and members of Class III are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating 47 C.F.R. § 64.1200(c) in the future, pursuant to 47 U.S.C. § 227(c)(5)(A).

## XII.  SIXTH CLAIM FOR RELIEF
### (Knowing and/or Willful Violations of 47 C.F.R. § 64.1200(c) National Do-Not-Call Registry – Class III)

63.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

64.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple knowing and/or willful violations of 47 C.F.R. § 64.1200(c).

65.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's knowing and/or willful violations of 47 C.F.R. § 64.1200(c), Plaintiff Chick and members of Class III are entitled to an award of treble damages of up to $1,500 for each and every call in violation of the regulation, pursuant to 47 U.S.C. § 227(c)(5)(B).

66.     Plaintiff Chick and members of Class III are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 12
401604.docx

entities acting on Defendant's behalf from violating 47 C.F.R. § 64.1200(c) in the future, pursuant to 47 U.S.C. § 227(c)(5)(A).

### XIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalf and on behalf of the members of the Class, prays for judgment against Defendant as follows:

A.      Certification of the proposed Classes;

B.      Appointment of Plaintiff Marlowe as representative of Classes I and II;

C.      Appointment of Plaintiff Chick as representative of Classes I and III;

D.      Appointment of the undersigned counsel as counsel for the Classes;

E.      A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

F.      An order enjoining Defendant and/or its affiliates, agents, and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

G.      An award to Plaintiffs and the Classes of damages, as allowed by law;

H.      An award to Plaintiffs and the Classes of attorneys' fees and costs, as allowed by law and/or equity;

I.      Leave to amend this Complaint to conform to the evidence presented at trial; and

J.      Orders granting such other and further relief as the Court deems necessary, just, and proper.

### XIV.  DEMAND FOR JURY

Plaintiffs demand a trial by jury for all issues so triable.

TERRELL MARSHALL DAUDT & WILLIE  PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1
2
3

RESPECTFULLY SUBMITTED AND DATED this 21st day of January, 2014.

TERRELL MARSHALL DAUDT & WILLIE PLLC

4
5
6

By:   /s/ Beth E. Terrell, WSBA #178181
      Beth E. Terrell, CSB #178181
      Email:  bterrell@tmdwlaw.com

7
8

By:   /s/ Mary B. Reiten, CSB #203412
      Mary B. Reiten, CSB #203412
      Email:  mreiten@tmdwlaw.com

9
10
11

      936 North 34th Street, Suite 300
      Seattle, Washington  98103-8869
      Telephone:  (206) 816-6603
      Facsimile:  (206) 350-3528

12

RAM, OLSON, CEREGHINO & KOPCZYNSKI LLP

13
14
15
16
17

By:   /s/ Michael F. Ram, CSB # 104805
      Michael F. Ram, CSB #104805
      Email:  mram@rocklawcal.com
      555 Montgomery Street, Suite 820
      San Francisco, California 94111
      Telephone:  (415) 433-4949
      Facsimile:  (415) 433-7311

18
19

*Attorneys for Plaintiffs and the Proposed Classes*

20
21
22
23
24
25
26
27

CLASS ACTION COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF - 14
401604.docx