1   Beth E. Terrell, CSB #178181
    Email:  bterrell@tmdwlaw.com
2   Mary B. Reiten, CSB #203412
    Email:  mreiten@tmdwlaw.com
3   TERRELL MARSHALL DAUDT & WILLIE PLLC
    936 North 34th Street, Suite 300
4   Seattle, Washington  98103-8869
    Telephone:  (206) 816-6603
5   Facsimile:  (206) 350-3528

6   Michael F. Ram, CSB #104805
    Email:  mram@rocklawcal.com
7   RAM, OLSON, CEREGHINO & KOPCZYNSKI LLP
    555 Montgomery Street, Suite 820
8   San Francisco, California  94111
    Telephone:  (415) 433-4949
9   Facsimile:  (415) 433-7311

10  *Attorneys for Plaintiffs and the Proposed Classes*
    *[Additional Attorneys Appear on Signature Page]*

11

12                  UNITED STATES DISTRICT COURT
13          FOR THE NORTHERN DISTRICT OF CALIFORNIA
                    SAN FRANCISCO DIVISION
14

15  SHASTA MARLOWE, GREGORY              NO. 3:14-cv-00550-EDL
    CHICK, and ADAM RUSSELL,
16  individually and on behalf of all others   **SECOND AMENDED CLASS ACTION**
    similarly situated,                   **COMPLAINT FOR DAMAGES AND**
17                                         **INJUNCTIVE RELIEF**
                    Plaintiffs,
18                                         **DEMAND FOR JURY**
            v.
19                                         Complaint Filed:  February 5, 2014
    29 PRIME, INC., a Nevada corporation;
20  OC LISTING INC., a California          Magistrate Judge Elizabeth D. Laporte
    corporation, LOCAL ZOOM, a California
21  corporation,  TONY REDMAN, and
    RUSSELL WALLACE,
22
                    Defendants.
23  _____/

24          Plaintiffs Shasta Marlowe, Gregory Chick, and Adam Russell (hereinafter referred to as

25  "Plaintiffs"), by their undersigned counsel, for this class action complaint against Defendants 29

26  Prime, Inc., OC Listing, Inc., Tony Redman, Russell Wallace, and Local Zoom and their present,

27  former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other

28  related entities (hereinafter referred to as "Defendants") allege as follows:

                                                                              -1-

1.    <u>Nature of Action</u>.  Plaintiffs Shasta Marlowe,  Gregory Chick, and Adam Russell, individually and as class representatives for all others similarly situated, bring this action against Defendants for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## II.  PARTIES

2.    <u>Plaintiff Shasta Marlowe</u>.  Plaintiff Shasta Marlowe ("Plaintiff Marlowe") is a citizen of California, residing in Alameda County, California.

3.    <u>Plaintiff Gregory Chick</u>.  Plaintiff Gregory Chick ("Plaintiff Chick") is a citizen of California, residing in San Diego County, California.

4.    <u>Plaintiff Adam Russell</u>.  Plaintiff Adam Russell ("Plaintiff Russell") is a citizen of Massachusetts, residing in Middlesex County, Massachusetts.

5.    <u>Defendant 29 Prime, Inc.</u>  29 Prime, Inc. ("Defendant 29 Prime") is a Nevada corporation with its principal place of business in Irvine, California.  Defendant 29 Prime is registered to do and is doing business in California and throughout the United States.

6.    <u>Defendant OC Listing, Inc.</u>  OC Listing, Inc. ("Defendant OC Listing") is a California corporation with its principal place of business in Irvine, California.  Defendant OC Listing, Inc. is registered to do and is doing business in California and throughout the United States.

7.    <u>Defendant Local Zoom</u>.  Local Zoom ("Defendant Local Zoom") is a Subchapter S corporation organized under the laws of California with its principal place of business in Laguna Hills, California.

8.    <u>Defendant Tony Redman</u>.  Defendant Tony Redman ("Defendant Redman") is a co-founder of Defendant 29 Prime and Defendant OC Listing and is a part owner of Defendant 29 Prime.  During the relevant time period, Defendant Redman served as the Chief Operating Officer of Defendant 29 Prime and Defendant OC Listing.  Defendant Redman is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

9.    <u>Defendant Russell Wallace</u>.  Defendant Russell Wallace ("Defendant Wallace") is a co-founder of Defendant 29 Prime and Defendant OC Listing and Chief Executive Officer of

Case No. 3:14-cv-00550-EDL
SECOND AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE RELIEF

1  Defendant 29 Prime and Defendant OC Listing.  Defendant Wallace is one of five owners of

2  Defendant 29 Prime, all of whom are employed by Defendant 29 Prime, and Defendant Wallace

3  is the largest percentage owner of Defendant 29 Prime.  Defendant Wallace is also a part owner

4  of Defendant Local Zoom.  Defendant Wallace is, and at all times mentioned herein was, a

5  "person" as defined by 47 U.S.C. § 153(39).

6  ### III.  JURISDICTION AND VENUE

7       10.   <u>Subject Matter Jurisdiction</u>.  This Court has subject matter jurisdiction over

8  Plaintiffs' TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiffs' TCPA claims arise

9  under the laws of the United States, specifically 47 U.S.C. § 227.

10       11.   <u>Personal Jurisdiction</u>.  This Court has personal jurisdiction over Defendants 29

11  Prime, OC Listing, and Local Zoom because they have submitted to California jurisdiction by

12  registering with the Secretary of State to do business in the state of California, and the wrongful

13  acts alleged in this Complaint were committed in California.

14       12.   <u>Personal Jurisdiction</u>.  This Court has personal jurisdiction over Defendants

15  Redman and Wallace because they are residents of the State of California.

16       13.   <u>Venue</u>.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a

17  substantial part of the events or omissions given rise to Plaintiffs' claims occurred in this District.

18  ### IV.  THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

19       14.   In 1991, Congress enacted the TCPA in response to a growing number of consumer

20  complaints regarding certain telemarketing practices.

21       15.   The TCPA makes it unlawful "to make any call (other than a call made for

22  emergency purposes or made with the prior express consent of the called party) using an

23  automatic telephone dialing system or an artificial or prerecorded voice … to any telephone

24  number assigned to a … cellular telephone service."  *See* 47 U.S.C. § 227(b)(1)(A).  The TCPA

25  provides a private cause of action to persons who receive calls in violation of 47 U.S.C.

26  § 227(b)(1)(A).  *See* 47 U.S.C. § 227(b)(3).

27       16.   Federal Communication Commission ("FCC") promulgated regulations "generally

28  establish that the party on whose behalf a solicitation is made bears ultimate responsibility for

1    any violations." *See* Rules and Regulations Implementing the Telephone Consumer Protection

2    Act of 1991, Memorandum and Order, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

3        17.    The FCC confirmed this principle in 2013, when it explained that "a seller …. may

4    be held vicariously liable under federal common law principles of agency for violations of either

5    section 227(b) or section 227(c) that are committed by third-party telemarketers." *See In the*

6    *Matter of the Joint Petition Filed by Dish Network*, LLC, 28 F.C.C. Rcd. 6574 (2013).

**V.  FACTUAL ALLEGATIONS**

7

8    **A.    Factual Allegations Regarding Defendants 29 Prime, OC Listing and Local Zoom**

9        18.    Defendant 29 Prime, Inc. touts itself as "the nation's leading company dedicated to

10    providing online marketing services and search engine optimization (SEO) to small and midsize

11    businesses through the United States and Canada." *See* http://www.linkedin.com/company/29-

12    prime (last visited January 21, 2014).

13        19.    Defendant OC Listing engages in the identical business as 29 Prime.  Specifically,

14    like 29 Prime, it purports to provide search engine optimization for small businesses.  Defendant

15    OC Listing purports to have developed products and processes that can be used to improve the

16    visibility of small businesses on search engines such a Google, Yahoo, and Bing.  Defendant OC

17    Listing licenses its search engine optimization from Defendant 29 Prime. Defendant OC Listing

18    engages in operations on behalf of 29 Prime, Inc., including contracting for and engaging in

19    telemarketing.  Defendant OC Listing also holds itself out to be Defendant 29 Prime, is

20    authorized to use, and uses the brand name 29 Prime, and operates as an alias of 29 Prime.

21    Defendant OC Listing enters into "reseller agreements" with 29 Prime "authorized sales

22    partners."  Defendants share common owners, founders and officers, Defendants Redman and

23    Wallace.  Further, the majority owner of OC Listing, Janie McCartney, is Tony Redman's sister.

24    Defendants are located in the same building in Irvine California. On information and belief,

25    Defendants 29 Prime and OC Listing are alter egos of each other, and a unity of interest and

26    ownership exists between the Defendants such that any separateness has ceased to exist, there is a

27    commingling of property rights or interests such that Defendants function as one, and Defendants

28    have acted in concert in doing the things alleged herein. These two Defendants operate with

-4-

1    integrated resources in pursuit of a single business purpose, and may be deemed to be a single

2    business enterprise, despite their purportedly separate corporate status.  In addition, upon

3    information and belief, the conduct that gives rise to the claims for relief alleged herein was

4    committed by, or on behalf of, Defendant 29 Prime and Defendant OC Listing and harmed

5    Plaintiffs and the proposed Classes. Therefore, to avoid an unjustified loss to Plaintiffs and the

6    Classes, or to avoid oppression, fraud, and inequity, recognition of Defendants' separate

7    corporate status should be disregarded.

8        20.    On information and belief, Defendants 29 Prime and OC Listing have in the past

9    and continue to operate under unincorporated alter egos with similar websites, such as "29 Local

10   Listing," "29 Services," "Big Fish SEM," "Billboard Local," "Collaborative Fusion SEO," "Eye

11   2 Eye SEO," "Giant SEM," "Green Thumb," "Green Thumb SEO," "Local Choice SEO,"

12   "Marquee Listing," "Neon Nexus," "Paramount SEO," "Place Fuel," "Placement Key,"

13   "Rankings Readless," "Reliable Places," "SEM Marketing," "Summit SEM," "Victory SEM,"

14   "29 SEM," "Hot Spot SEM," "29 Live," "29Maps," "29Search," "Locallistings.com," "Relevant

15   Ads (or relevantads.com)," "YMS Local," and "Your Local Merchant."

16       21.    Defendant Local Zoom is separately liable for the conduct alleged herein, i.e., the

17   placing of calls to Class members in violation of the TCPA, and, alternatively, is liable as an alter

18   ego of 29 Prime.  Local Zoom has made such calls to Class members, and as a 29 Prime

19   "authorized sales partner" or "authorized reseller," is authorized and directed, pursuant to written

20   agreements, to make such calls.

21       22.    Local Zoom operates with integrated resources with 29 Prime and OC Listing in

22   pursuit of a single business purpose, and the three companies may be deemed to be a single

23   business enterprise, despite their purportedly separate corporate status.  Local Zoom and its

24   principal, Jarbod Javaherchi ("Javaherchi") are both identified as 29 Prime authorized resellers,

25   having entered into a 29 Prime/OC Listing Reseller Agreement.  Defendant Wallace is part

26   owner of Local Zoom, together with Javaherchi, and Wallace and Javaherchi are partners in that

27   business.

28

Case No. 3:14-cv-00550-EDL
SECOND AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE RELIEF

1    23.    Part of Defendants' strategy for increasing the volume of its customers involves the

2    use of automatic dialing and pre-recorded messages to solicit business.

3    24.    Defendants use equipment and software that has the capacity to store or produce

4    telephone numbers to be called and that includes auto-dialers and predictive dialers.

5    25.    Many of the recipients of these calls did not consent to receive such telephone

6    calls.

7    26.    Defendants also make calls using an artificial or pre-recorded voice to cellular

8    telephones whose owners have not provided prior express consent to receive such calls, including

9    Plaintiffs.

10    27.    Defendants also: a) placed frequent, repeated calls to the same recipients; b) called

11    phone numbers that had been registered with the National Do Not Call Registry; c) continued to

12    call after recipients requested that they stop calling; and d) made it extremely difficult, if not

13    impossible, for recipients to have their telephone numbers removed from the call lists in order to

14    avoid receiving future calls from Defendants.

15    28.    To the extent that any of the calls are made by 29 Prime's and OC Listing's

16    "authorized sales partners," or "authorized resellers," those calls were authorized and directed by

17    Defendants, and it is the same as if Defendants placed those calls themselves.  In addition, certain

18    of the authorized sales partners are affiliates or alter egos of Defendant 29 Prime, such as

19    Defendants OC Listing and Local Zoom (owned in part by Defendant Wallace), and another of

20    the authorized sales partners, Thomas Thomen, is a part owner of 29 Prime.

21    **B.    Factual Allegations Regarding Defendants Redman and Wallace**

22    29.    At all times material to the subject matter of this litigation, Defendants Redman and

23    Wallace, acting alone or in concert with others, had the authority and responsibility to prevent or

24    correct the unlawful telemarketing practices of Defendants 29 Prime and OC Listing.

25    30.    On information and belief, Defendants Redman and Wallace formulated, directed,

26    controlled and participated in the acts and practices of Defendants 29 Prime and OC Listing that

27    violated the TCPA, including the acts and practices set forth in this Complaint.

28

-6-

1    31.    On information and belief, Defendants Redman and Wallace established, approved,

2    and ratified Defendants 29 Prime's and OC Listing's policies and practices, oversaw operations

3    and were directly involved in the business practices that violated the TCPA.  For example,

4    Defendants Redman and Wallace personally signed Reseller Agreements, Authorized Sales

5    Partner Agreements and other agreements on behalf of both Defendant 29 Prime and Defendant

6    OC Listing.

7    32.    Defendants Redman and Wallace were personally and actively involved in

8    managing the operations of Defendants 29 Prime and OC Listing, and did not treat Defendants 29

9    Prime and OC Listing as passive investments.

10    33.    Defendants Redman and Wallace are liable for the TCPA violations alleged herein

11    because they were directly involved in, authorized, and ratified Defendants 29 Prime's and OC

12    Listing's operations that violated the TCPA within the scope of their duties as officers and/or

13    directors of Defendants 29 Prime and OC Listing.

14    34.    Defendants 29 Prime and OC Listing are alter egos of Defendants Redman and

15    Wallace and a unity of interest and ownership exists between the Defendants such that any

16    separateness has ceased to exist, there is a commingling of property rights or interests such that

17    Defendants function as one, and Defendants have acted in concert in doing the things alleged

18    herein.  In addition, the conduct that gives rise to the claims for relief alleged herein was

19    committed by, or on behalf of, each Defendant and harmed Plaintiffs and the proposed Classes.

20    35.    On information and belief Defendants 29 Prime and OC Listing are woefully

21    undercapitalized in relation to the significant liability associated with the claims of Plaintiffs and

22    the Classes for statutory damages under the TCPA.  Therefore, to avoid an unjustified loss to

23    Plaintiffs and the Classes, or to avoid oppression, fraud, and inequity, recognition of Defendants

24    29 Prime's and OC Listing's separate corporate statuses should be disregarded.

25    **C.    Factual Allegations Regarding Plaintiff Marlowe**

26    36.    Beginning on or around June 2011, Plaintiff Marlowe began receiving telephone

27    calls from or on behalf of Defendants on her cellular telephone.

28

Case No. 3:14-cv-00550-EDL
SECOND AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE RELIEF

1    37.    The calls consisted of a pre-recorded message that stated words to the effect that

2    the call was an important message on how to improve the called party's Google listing.  The

3    called party was instructed to press "1" for further information.

4    38.    On at least one occasion, Plaintiff Marlowe pressed "1" to speak with a live

5    operator.  Plaintiff Marlowe asked the operator to identify the company on behalf of which it was

6    calling, and the operator identified 29 Prime.

7    39.    On at least one other occasion Plaintiff Marlowe spoke with a live operator and

8    requested to be removed from Defendants' call list.

9    40.    Plaintiff Marlowe continued to receive numerous telephone calls from or on behalf

10    of Defendants on her cellular telephone.

11    41.    Defendants' repeated calls to Plaintiff Marlowe prompted Plaintiff Marlowe to

12    request to speak with a manager.  At this request, the operator became irate and began yelling at

13    Plaintiff Marlowe that "29 Prime was not the only company calling [her]" and terminated the

14    telephone call.

15    42.    Plaintiff Marlowe did not provide prior express consent to receive pre-recorded

16    telephone calls on her cellular phone from or on behalf of Defendants.

17    43.    Defendants are responsible for making the above-described automated and/or pre-

18    recorded calls.

19    44.    Defendants have placed a large number of automated and/or pre-recorded calls to

20    persons in California and throughout the United States.

21    **D.    Factual Allegations Regarding Plaintiff Chick**

22    45.    Beginning in or around the autumn of 2012, Plaintiff Chick received telephone

23    calls from or on behalf of Defendants on his cellular telephone.

24    46.    The calls consisted of a pre-recorded message that stated words to the effect that

25    the call was an important message on how to improve the called party's Google listing.

26    47.    Plaintiff Chick received numerous telephone calls from or on behalf of Defendants

27    on his cellular telephone.

28

48.     Plaintiff Chick's cellular telephone has been on the National Do-Not-Call Registry since March 17, 2012.

49.     Plaintiff Chick did not provide prior express consent to receive pre-recorded telephone calls on his cellular telephone from or on behalf of Defendants.

50.     Defendants are responsible for making the above-described automated and/or pre-recorded calls.

51.     Defendants have placed a large number of automated and/or pre-recorded calls to persons in California and throughout the United States.

**E.     Factual Allegations Regarding Plaintiff Russell**

52.     Beginning in or around June of 2013, Plaintiff Russell received unsolicited telephone calls from or on behalf of Defendants on his cellular telephone, including calls on: June 5, 2013 at 3:57 p.m.; June 12, 2013 at 4:00 p.m.; June 12, 2013 at 4:49 p.m.; and June 24, 2013 at 5:56 p.m.  The first 3 of these calls originated from the number, (206) 397-1615, and the last call originated from (206) 397-1159.

53.     On some of the calls that Plaintiff Russell received, he encountered long periods of silence or "dead" air and nothing else.  Such periods of dead air are typical of calls initiated using an automated system.

54.     The calls that were not "dead air" consisted of a pre-recorded message that stated words to the effect that the call was an important message on how to improve the called party's Google listing.

55.     On at least one occasion Plaintiff Russell spoke with a live operator and requested to be removed from Defendants' call list.

56.     Plaintiff Russell continued to receive numerous telephone calls from or on behalf of Defendants on his cellular telephone.

57.     Defendants are responsible for making the above-described automated and/or pre-recorded calls.

58.     Defendants have placed a large number of automated and/or pre-recorded calls to persons in Massachusetts, California and throughout the United States.

Case No. 3:14-cv-00550-EDL
SECOND AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE RELIEF

1

# VI. CLASS ACTION ALLEGATIONS

2      59.    Class Definition.  Pursuant to CR 23(b)(2) and (b)(3), Plaintiffs bring this case as a

3  class action on behalf of  Classes as defined as follows:

4         Class I:  All persons in the United States to whom:  (a) Defendants, and/or a third
          party acting on Defendants' behalf, made one or more non-emergency telephone
5         calls; (b) to their cellular telephone number; (c) with a pre-recorded message; and
          (e) at any time in the period that begins four years before the date of filing this
6         Complaint to trial.

7         Class II:   All persons in the United States who:   (a) received more than one
          telemarketing call, made by Defendants and/or on Defendants' behalf; (b) more
8         than 30 days after requesting not to receive further telemarketing calls; (c) in a 12-
          month period; (d) on their cellular telephone line or residential telephone line; and
9         (e) at any time in the period that begins four years before the date of filing this
          Complaint to trial.
10
          Class  III:    All persons in the Commonwealth of Massachusetts to whom
11        Defendants or their affiliated companies or agents thereof made one or more
          unsolicited non-emergency calls to cellular telephones used by them.
12

13  Excluded from the Classes are Defendants, any entity in which Defendants have a controlling

14  interest or that has a controlling interest in Defendants, and Defendants' legal representatives,

15  assignees, and successors.  Also excluded are the judge to who this case is assigned and any

16  member of the judge's immediate family.

17      60.    Numerosity.  The Classes are each so numerous that joinder of all members is

18  impracticable.  On information and belief, the Classes each have more than 1,000 members.

19  Moreover, the disposition of the claims of the Classes in a single action will provide substantial

20  benefits to all parties and the Court.

21      61.    Commonality.  There are numerous questions of law and fact common to Plaintiffs

22  and members of the Classes.  These common questions of law and fact include, but are not

23  limited to, the following:

24           a.    As to Plaintiffs and Class I, whether Defendants and/or its affiliates,

25  agents, and/or other persons or entities acting on Defendants' behalf violated 47 U.S.C.

26  § 227(b)(1)(A);

27

28

-10-

1         b.     As to Plaintiffs and Class I, whether Defendants and/or their affiliates,

2 agents, and/or other persons or entities acting on Defendants' behalf knowingly and/or willfully

3 violated 47 U.S.C. § 227(b)(1)(A), thus entitling Plaintiffs and Class I to treble damages;

4         c.     As to Plaintiff Marlowe and Class II, whether Defendants and/or their

5 affiliates, agents, and/or other persons or entities acting on Defendants' behalf violated 47 C.F.R.

6 § 64.1200(d);

7         d.     As to Plaintiff Marlowe and Class II, whether Defendants and/or their

8 affiliates, agents, and/or other persons or entities acting on Defendants' behalf knowingly and/or

9 willfully violated 47 C.F.R. § 64.1200(d), thus entitling Plaintiff Marlowe and Class II to treble

10 damages;

11        e.     As to Plaintiff Russell and Class III, whether Defendants and/or their

12 affiliates, agents, and/or other persons or entities acting on Defendants' behalf violated the

13 Massachusetts Telemarketing Solicitation Act ("MTSA") G.L. c. 159C *et seq.*

14        f.     As to Plaintiff Russell and Class III, whether Defendants and/or their

15 affiliates, agents, and/or other persons or entities acting on Defendants' behalf violated M.G.L. c.

16 93A, § 2.

17        g.     Whether Defendants are liable for pre-recorded calls made by Defendants'

18 affiliates, agents, and/or other persons or entities acting on Defendants' behalf;

19        h.     Whether Defendants are liable for telephone calls to persons on

20 Defendants' internal Do-Not-Call list made by Defendants' affiliates, agents, and/or other

21 persons and entities acting of Defendants' behalf; and

22        i.     Whether Defendants and/or their affiliates, agents, and/or other persons or

23 entities acting on Defendants' behalf should be enjoined from violating the TCPA and/or MTSA

24 in the future.

25      62.    <u>Typicality</u>.  Plaintiffs' claims are typical of the claims of the Classes.  Plaintiffs'

26 claims, like the claims of Classes arise out of the same common course of conduct by Defendants

27 and are based on the same legal and remedial theories.

28

63.   <u>Adequacy</u>.  Plaintiffs will fairly and adequately protect the interests of the Classes. Plaintiffs have retained competent and capable attorneys with significant experience in complex and class action litigation, including consumer class actions and TCPA class actions.  Plaintiffs and their counsel are committed to prosecuting this action vigorously on behalf of the Classes and have the financial resources to do so.  Neither Plaintiffs nor their counsel have interests that are contrary to or that conflict with those of the proposed Classes.

64.   <u>Predominance</u>.  Defendants have engaged in a common course of conduct toward Plaintiffs and members of the Classes.  The common issues arising from this conduct that affect Plaintiffs and members of the Classes predominate over any individual issues.  Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

65.   <u>Superiority</u>.  A class action is the superior method for the fair and efficient adjudication of this controversy.  Classwide relief is essential to compel Defendants to comply with the TCPA and MTSA.  The interest of individual members of the Classes in individually controlling the prosecution of separate claims against the Defendants is small because the damages in an individual action for these violations are small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated.  Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities.  There will be no significant difficulty in the management of this case as a class action.

66.   <u>Injunctive and Declaratory Relief Appropriate</u>.  Defendants have acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Classes appropriate on a classwide basis.  Moreover, on information and belief, Plaintiffs allege that the automated calls made by Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

## VII.  FIRST CLAIM FOR RELIEF
**(Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A) – Class I)**

67.    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

68.    The foregoing acts and omissions of Defendants and/or their  affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A).

69.    As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf's violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiffs and members of Class I presumptively are entitled to an award of $500 in damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

70.    Plaintiffs and members of Class I are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), in the future.

## VIII.  SECOND CLAIM FOR RELIEF
**(Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A) – Class I)**

71.    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

72.    The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A).

73.    As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf's knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiffs and members of Class I are entitled to treble damages of up to $1,500 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

74.    Plaintiffs and members of the Class I are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), in the future.

## IX.  THIRD CLAIM FOR RELIEF
### (Violations of 47 C.F.R. § 64.1200(d) Do-Not-Call List – Class II)

75.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

76.     The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of 47 C.F.R. § 64.1200(d), including failure to properly record do-not-call requests, failure to maintain a record of do-not-call requests, and failure to honor do-not-call requests.

77.     As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf's violations of 47 C.F.R. § 64.1200(d), Plaintiff Marlowe and members of Class II are entitled to an award of $500 in statutory damages for each and every call in violation of the regulation, pursuant to 47 U.S.C. § 227(c)(5)(B).

78.     Plaintiff Marlowe and members of Class II are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating 47 C.F.R. § 64.1200(d) in the future, pursuant to 47 U.S.C. § 227(c)(5)(A).

## X.  FOURTH CLAIM FOR RELIEF
### (Knowing and/or Willful Violations of 47 C.F.R. § 64.1200(d) Do-Not-Call List – Class II)

79.     Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

80.     The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple knowing and/or willful violations of 47 C.F.R. § 64.1200(d), including failure to properly record do-not-call requests, failure to maintain a record of do-not-call requests, and failure to honor do-not-call requests.

81.     As a result of Defendants' and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf's knowing and/or willful violations of 47 C.F.R. § 64.1200(d), Plaintiff Marlowe and members of Class II are entitled to an award of treble

1  damages of up to $1,500 for each and every call in violation of the regulation, pursuant to 47

2  U.S.C. § 227(c)(5)(B).

3      82.    Plaintiff Marlowe and members of Class II are also entitled to and do seek

4  injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or

5  entities acting on Defendants' behalf from violating 47 C.F.R. § 64.1200(d) in the future,

6  pursuant to 47 U.S.C. § 227(c)(5)(A).

7  
**XI.  FIFTH CLAIM FOR RELIEF**
**(Violations of the Massachusetts Telemarketing Solicitation Act ("MTSA"),**

8  **G.L. c. 159C *et seq* – Class III)**

9      83.    Plaintiffs reallege and incorporate by reference each and every allegation set forth

10  in the preceding paragraphs.

11      84.    The MTSA expressly forbids "the use of a recorded message device."

12      85.    Defendants' placing of calls to the Plaintiff Russell and other Class III members'

13  cellular telephone was done using a "recorded message device."

14      86.    G.L. c. 159C § 5(A)(a) provides:

15  
16  A telephone solicitor shall disclose all of the following information within the first minute of a telephonic sales call and before requesting, accepting or arranging for payment by a consumer: (i) that the purpose of the telephone call is to make a sale or solicit funds; (ii)

17  the correct name of the telemarketing company that employs the individual telemarketer who is making the call; (iii) the correct        name of the ultimate seller whose goods or services are being offered by means of the telemarketing call; and (iv) a complete and

18  accurate description of the goods or services being offered including, but not limited to, the retail market value of the goods or services.

19      87.    Defendant made no such disclosures when placing calls to Plaintiff and other

20  Subclass members.

21      88.    G.L. c. 159C §8(B) provides a private cause of action and damages:

22  
23  (b) A person who has received more than 1 unsolicited telephonic sales call within a 12-month period by or on behalf of the same person or entity in violation of this chapter may:

24  (i) bring an action to enjoin the violation; (2) bring an action        to recover for actual monetary loss from such knowing violation or to receive not more than $5,000 in

25  damages for such knowing violation, whichever is greater; or (iii) bring both such actions.

26      89.    Defendants placed more than one unsolicited telephonic sales call within a 12

27  month period to Plaintiff and also placed numerous such calls to other Class III members.

28  

Case No. 3:14-cv-00550-EDL
SECOND AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE RELIEF

1    **XII.   SIXTH CLAIM FOR RELIEF – Violation of M.G.L. c. 93A, § 2 – Class III)**

2        90.    Plaintiffs reallege and incorporate by reference each and every allegation set forth

3    in the preceding paragraphs.

4        91.    At all relevant times Defendants were engaged in commerce for purposes of

5    M.G.L., c. 93A.

6        92.    M.G.L., c. 93A, § 2 provides that "[u]nfair methods of competition and unfair or

7    deceptive acts or practices in the conduct of any trade or commerce are declared unlawful."

8    M.G.L., c. 93A, § 9 permits any consumer injured by a violation of c. 93A, § 2 to bring a civil

9    action, including a class action, for damages and injunctive relief.

10       93.    As alleged more fully herein, Defendants have violated c. 93A, § 2 by sending out

11   *en masse* unsolicited robocalls and recorded messages to Plaintiff Russell and other Class III

12   members. This conduct is unfair because it is harassing and annoying and invades the privacy of

13   Plaintiff Russell and Class III members and because it causes them to incur costs for receiving

14   calls, and it is deceptive because the calls contain misleading sales pitches, and are made to

15   appear as though they are from and/or created by an entity other than the actual business sending

16   out the calls.

17       94.    Defendants' conduct also violates the TCPA and as such, constitutes unfair and

18   deceptive conduct in violation of c. 93A, § 2.

19       95.    The unfair and deceptive acts and practices of Defendants, as described above,

20   present a serious threat to Plaintiff Russell and Class III members.

21       96.    Plaintiff has not made a written demand for relief, as the demand requirement set

22   forth in c. 93A, § 9(3) does not apply to Defendants.  The demand requirement does not apply

23   here, because, on information and belief, Defendants do not maintain places of business, nor do

24   they keep assets within the Commonwealth of Massachusetts.

25       97.    Based on the foregoing, Plaintiff Russell and the other Class III members are

26   entitled to all remedies available under c. 93A, § 9, including, but not limited to, actual or

27   statutory damages, whichever is greater, multiple damages, injunctive relief and attorneys' fees

28   and costs.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## XIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on their own behalf and on behalf of the members of the Class, pray for judgment against Defendants as follows:

A.    Certification of the proposed Classes;

B.    Appointment of Plaintiff Marlowe as representative of Classes I and II;

C.    Appointment of Plaintiff Chick as representative of Class I;

D.    Appointment of Plaintiff Russell as representative of Classes I and III;

E.    Appointment of the undersigned counsel as counsel for the Classes;

F.    A declaration that Defendants and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA, MTSA, and/or MGL. C. 93A §2;

G.    An order enjoining Defendants and/or their affiliates, agents, and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

H.    An award to Plaintiffs and the Classes of damages, as allowed by law;

I.    An award to Plaintiffs and the Classes of attorneys' fees and costs, as allowed by law and/or equity;

J.    Leave to amend this Complaint to conform to the evidence presented at trial; and

K.    Orders granting such other and further relief as the Court deems necessary, just, and proper.

## XIV.  DEMAND FOR JURY

Plaintiffs demand a trial by jury for all issues so triable.

Case No. 3:14-cv-00550-EDL
SECOND AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE RELIEF

1    RESPECTFULLY SUBMITTED AND DATED this 9th day of July, 2015.

2                              TERRELL MARSHALL DAUDT & WILLIE PLLC

3

4                    By:  /s/ Beth E. Terrell, CSB #178181
                          Beth E. Terrell, CSB #178181
5                         Email:  bterrell@tmdwlaw.com
                          Mary B. Reiten, CSB #203412
6                         Email:  mreiten@tmdwlaw.com
                          936 North 34th Street, Suite 300
7                         Seattle, Washington 98103
                          Telephone:  (206) 816-6603
8                         Facsimile: (206) 350-3528

9
                          Michael F. Ram, CSB #104805
10                        Email:  mram@rocklawcal.com
                          RAM. OLSON, CEREGHINO
11                           & KOPCZYNSKI LLP
                          555 Montgomery Street, Suite 820
12                        San Francisco, California 94111
                          Telephone:  (415) 433-4949
13                        Facsimile:  (415) 433-7311

14
                          Roblin J. Williamson, *Admitted Pro Hac Vice*
15                        Email:  roblin@williamslaw.com
                          Kathryn "Kim" Williams, *Admitted Pro Hac Vice*
16                        Email:  kim@williamslaw.com
                          WILLIAMSON & WILLIAMS
17                        2239 West Viewmont Way West
                          Seattle, Washington  98199
18                        Telephone:  (206) 294-3085

19
                          David Pastor, *Pro Hac Vice Pending*
20                        dpastor@pastorlawoffice.com
                          PASTOR LAW OFFICE, LLP
21                        63 Atlantic Avenue, 3d Floor
                          Boston, Massachusetts 02110
22                        Telephone:  (617) 742-9700
                          Facsimile:  (617) 742-9701
23

24

25

26

27

28

Case No. 3:14-cv-00550-EDL
SECOND AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE RELIEF

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Leigh Smith, *Pro Hac Vice Pending*
lsmith@milberg.com
MILBERG LLP
One Pennsylvania Plaza
New York, New York 10119
Telephone:  (212) 594-5300
Facsimile:  (212) 868-1229

Preston W. Leonard
pleonard@theleonardlawoffice.com
LEONARD LAW OFFICE, P.C.
63 Atlantic Avenue, 3d Floor
Boston, MA 02110
Telephone: (617) 329-1295

*Attorneys for Plaintiffs and the Proposed Classes*

Case No. 3:14-cv-00550-EDL
SECOND AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE RELIEF

1

2                              <u>CERTIFICATE OF SERVICE</u>

3          I, Beth E. Terrell, hereby certify that on July 9, 2015, I electronically filed the foregoing

4   with the Clerk of the Court using the CM/ECF system which will send notification of such filing

5   to the following:

6              Douglas Smith, CSB #101367
               Email:  dsmith@gordonrees.com
7              Stephanie P. Alexander, CSB #205701
               Email:  salexander@gordonrees.com
8              Nathaniel J. Tarvin, CSB #251094
               Email:  ntarvin@gordonrees.com
9              GORDON & REES, LLP
10             2211 Michelson Drive, Suite 400
               Irvine, California  92612
11             Telephone:  (949) 255-6950
               Facsimile:  (949) 474-2060
12

13         *Attorneys for Defendants 29 Prime, Inc. and OC Listing, Inc.*

14         DATED this 9th day of July, 2015.

15                                         TERRELL MARSHALL DAUDT & WILLIE PLLC

16

17                                         By:  /s/ Beth E. Terrell, CSB #178181
                                                Beth E. Terrell, CSB #178181
18                                              Email:  bterrell@tmdwlaw.com
19                                              936 North 34th Street, Suite 300
                                                Seattle, Washington  98103
20                                              Telephone:  (206) 816-6603
                                                Facsimile:  (206) 350-3528
21

22                                         *Attorneys for Plaintiffs and the Proposed Classes*

23

24

25

26

27

28

---

Case No. 3:14-cv-00550-EDL
SECOND AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE RELIEF

-20-